**Karen PALMA, et al., Plaintiffs,**

v.

**METRO PCS WIRELESS, INC., Defendant.**

Case No. 8:13–cv–698–T–33MAP.

United States District Court,
M.D. Florida,
Tampa Division.

Signed April 29, 2014.

Andrew Ross Frisch, Morgan & Morgan, PA, Plantation, FL, for Plaintiffs.

Jay P. Lechner, Amanda E. Ballard, Jackson Lewis, PC, Tampa, FL, Roger H. Briton, Jackson Lewis LLP, Melville, NY,

David E. Block, Jackson Lewis, PC, Jacksonville, FL, for Defendant.

## *ORDER*

MARK A. PIZZO, United States Magistrate Judge.

Defendant's motion to compel (doc. 204) and Plaintiffs' response (doc. 220) are before the Court. The District Judge and I have entered numerous orders in this FLSA collective action; there is no need to rehash the factual background. Defendant's motion is denied, for the reasons stated here.

The first discovery category at issue pertains to resumes, cover letters, and job applications Plaintiffs submitted to subsequent employers, as well as "notes taken by employers during [Plaintiffs'] job interviews" (doc. 204 at 8). The motion is denied as moot as to this topic. Plaintiffs have already produced their resumes to Defendant, and Defendant deposed Plaintiffs about them (doc. 220 at 4). Additionally, the only case Defendant cites from this judicial district in support of its request is one that grants in part a motion to compel a non-party employer to produce personnel records in response to a subpoena. *See Benavides v. Velocity IQ, Inc.,* No. 8:05–cv–1536–T–30, 2006 WL 680656, at *2–3 (M.D.Fla. Mar. 15, 2006). Defendant has not subpoenaed the information from Plaintiffs' subsequent employers and instead seeks it from Plaintiffs themselves. But according to Plaintiffs, they have no other information to produce, a fact they apparently testified to at deposition. Consequently, without ruling on whether the requested information is discoverable, I find that the issue is moot.

■ Next, through interrogatories and document production requests, Defendant seeks all posts to Plaintiffs' social media accounts from 2010 to the present that relate to "any job descriptions or similar statements about this case or job duties

and responsibilities or hours worked which Plaintiffs posted on LinkedIn, Facebook or other social media sites." (Doc. 204 at 11). This request includes all private messages Plaintiffs sent from these sites (*Id.* at 12). Defendant claims the information is relevant to its affirmative defense that Plaintiffs are not entitled to overtime compensation due to their exempt status, and "because [posts] are party admissions regarding plaintiff's job duties, responsibilities, and/or hours worked at Defendant—precisely the issues to be litigated in this case." (Doc. 204 at 11). Plaintiffs also may have posted comments which contradict their testimony in the case about breaks and hours worked, according to Defendant.

■ I agree with Plaintiffs that this request is too broad. Generally, social media content is neither privileged nor protected by any right of privacy. *Davenport v. State Farm Mut. Auto. Ins. Co.,* No.3:11–cv–632–J–JBT, 2012 WL 555759, at *1 (M.D.Fla. Feb. 21, 2012); *Tompkins v. Detroit Metro. Airport,* 278 F.R.D. 387, 388 (E.D.Mich.2012). Nonetheless, Defendant "does not have a generalized right to rummage at will through information that Plaintiff has limited from public view." *Davenport,* 2012 WL 555759, at *2 (quoting *Tompkins,* 278 F.R.D. at 388). Although discovery provisions are broadly and liberally construed, a request still must be tailored to appear "reasonably calculated to lead to the discovery of admissible evidence." Rule 26(b)(1). Defendant has not met this threshold showing.

Defendant relies on *Higgins v. Koch Development Corporation,* No. 3:11–cv–81–RLY–WGH, 2013 WL 3366278, at *2 (S.D.Ind. July 5, 2013), a case in which plaintiffs sued a theme park for physical injuries they sustained on a ride. During discovery, the theme park asked for the plaintiffs' social media postings. *Id.* The plaintiffs refused, and the district court

granted the park's motion to compel. *Id.* at *3. The plaintiffs had alleged that their injuries severely impacted their abilities to enjoy life, engage in outdoor activities, and find jobs. Consequently, the plaintiffs' posts were discoverable. *Id.* at *2. The court in *Romano v. Steelcase, Inc.*, 30 Misc.3d 426, 907 N.Y.S.2d 650, 656 (N.Y.Super.2010), which Defendant also cites, reached a similar holding in a case in which the plaintiff's physical condition was in controversy.

But here, Plaintiffs' physical condition is not at issue. *Cf. Davenport*, 2012 WL 555759, at *2 (granting motion to compel as to tagged Facebook photos because the plaintiff's physical condition was at issue). Whether or not an opt-in Plaintiff made a Facebook post during work hours or about work has no bearing on total hours worked or whether their job position qualifies for an exemption under the FLSA. Additionally, the burden of requiring all of the opt-in Plaintiffs to review all of their postings on potentially multiple social media sites over a period of four years and determine which posts relate to their job, hours worked, or this case, would be "an extremely onerous and time-consuming task." *Jewell v. Aaron's, Inc.*, No. 1:12–cv–0563, 2013 WL 3770837, at *3 (N.D.Ga. July 19, 2013) (finding, in FLSA case, defendant-employer not entitled to discovery of social media posts, because it had not shown relevance of the information, and to produce it would be too burdensome). This is especially so when Defendant has nothing more than its "hope that there might be something of relevance" in the social media posts. *Id.* (citation and quotation omitted). Although some of the Plaintiffs testified to reading social media at some point during their work day, this

does not, in and of itself, transform Plaintiffs' social media posts into discoverable information. Additionally, some of the information Defendant seeks is protected from public view (for example, private Facebook messages). Defendant's speculation that the social media messages might include a party admission, without more, is not a sufficient reason to require Plaintiffs to provide Defendant open access to their communication with third parties. *Salvato v. Miley*, No. 5:12–cv–635–Oc–10PRL, 2013 WL 2712206, at *2 (M.D.Fla. June 11, 2013). This is my finding despite that Defendant has narrowed the scope of its request to seek only social media information relating to this case and Plaintiffs' job.[1]

■ The final issue is Defendant's request for records of Plaintiffs' banking, credit and debit card transactions, telephone activity, and travel. Defendant argues the records are relevant because they will show the dates and times Plaintiffs were engaged in non-work activities. Defendant has agreed to limit its request to "portions of the records showing the dates and times of transactions and enough information showing that the transactions were not work-related." (Doc. 204 at 12).

This discovery is too broad and hinges on the hope of finding something—anything—relevant to this litigation. Defendant relies on a case that is not on all fours with this one. In *Mancuso v. Florida Metropolitan University*, No. 09–61984–CIV, 2011 WL 310726, at *3–4 (S.D.Fla. Jan. 28, 2011), a FLSA case, the court granted in part and denied in part a plaintiff's motion to quash subpoenas that the employer-defendant had issued to plaintiff's bank. The court ordered the bank to produce plaintiff's un-redacted records to

---

1. Defendant also asks Plaintiffs to identify the social media sites they used during their employment with Defendant because it may be "necessary to subpoena these social media providers for such information." (Doc. 204 at 12). Discovery has closed. Any subpoenas would be untimely.

plaintiff, and plaintiff to redact the records to show only the dates and times of transactions before producing them to defendant. *Id.* The parties in *Mancuso* agreed from the outset that the banking records were relevant (and the court did not address this); the plaintiff's only objection was to certain definitions included in the subpoenas. *Id.* at *1.

Defendant, again, has not met its threshold burden under Rule 26(b)(1). Plaintiffs admitted at deposition that they used debit and credit cards during vacation and non-work times. From this, Defendant deduces that any time Plaintiffs used their debit or credit cards, they were not working. This leap of logic is insufficient support for Defendant's broad request. Defendant is hoping to discover financial records that reveal Plaintiffs conducted personal banking during work hours.[2] Even if they did, this is not the smoking gun Defendant seems to think it is; Plaintiffs may have engaged in personal banking during breaks from work. And although neither party focuses on Defendant's request for Plaintiffs' cell phone records, the motion is denied on this topic as well. The parties do not dispute that Defendant was the cellular provider for Plaintiffs and provided them phones to use for work purposes (doc. 220 at 5). Thus, Defendant already has access to the telephone records it seeks from Plaintiffs.

*Conclusion*

For the reasons stated here, Defendant's motion to compel (doc. 204) is DENIED.

---

**2.** For example, Defendant contends that the financial records *"may* show that Plaintiffs took a lunch break, had discretion to attend to non-work activities during the day, or took vacations or other time off from work during the tines they now are claiming to have worked." (Doc. 204 at 14) (emphasis added). This is too speculative to support the broad nature of the discovery Defendant seeks.